(58 Misc. Rep. 54.)

### HATCH v. HATCH.

(Supreme Court, Special Term, Erie County. February, 1908.)

MARRIAGE—ANNULMENT.

>   Where a soldier's widow, 56 years of age, drawing a pension, marries a man 69 years of age, the marriage will not be set aside because of his physical incapacity.
>
>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 116.]

Action by Sarah A. Hatch against Washington S. Hatch. Application for judgment by default. Denied.

Stephen V. O'Gorman, for plaintiff.

POUND, J. The parties intermarried on the 4th day of July, 1905. At the time of the marriage plaintiff was 56 years of age and defendant was 69 years of age.

The courts decline to grant annulment for physical incapacity where, by reason of the advanced years of the parties at the time of the marriage, the desire for support and companionship, rather than the usual motives of marriage, must have actuated them. 19 Am. & Eng.

Ency. of Law (2d Ed.) 1169. In this case plaintiff's disappointment is in no wise caused by her husband's alleged incapacity for marital intercourse. She was a soldier's widow, and, when she gained a husband, she lost a pension. For reasons not disclosed to the court, the exchange proved an unsatisfactory one to her, and she now seeks to annul the marriage in order to recover her pension. She has no just cause of complaint against her husband, and the court declines to hold the marriage invalid.

Application denied.

────

(58 Misc. Rep. 50.)
### BOYLE v. NEW YORK CENT. & H. R. R. CO.

. (Supreme Court, Special Term, New York County. February, 1908.)

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

> In an action for death of a railroad employé, killed in attempting to cross the tracks, verdict for plaintiff *held* against the weight of evidence, showing contributory negligence of decedent.